IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TOMMY DALE DANIEL, #18826-298, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL NO. 3:15-CV-3413-O-BK |
| | § | (CRIMINAL NO. 3:07-CR-0142-O-1) |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner's *pro se* motion to vacate

sentence under 28 U.S.C. § 2255 was referred to the United States Magistrate Judge.  Upon

review of the relevant pleadings and applicable law, it is recommended that the motion be

**DENIED**.

**I. BACKGROUND**

Petitioner was found guilty by a jury of two counts of possession of child pornography

and was sentenced to 135 months' imprisonment -- 120 months on Count One and a consecutive

term of 15 months on Count Two.  Crim. Doc. 85.  Petitioner was also ordered to serve a lifetime

term of supervised release and pay restitution of $150,000 to the victim of the offense.  *Id.*

Although the  conviction was affirmed on direct appeal, Crim. Doc. 104 at 1, the United States

Supreme Court subsequently remanded the case for reconsideration of the restitution order in

light of *Paroline v. United States*, ___ U.S. ___, 134 S. Ct. 1710, 1722, 1729 (2014).   Crim.

Doc. 107.  On remand, the United States Court of Appeals for the Fifth Circuit "vacate[d] only

the ordered restitution" and remanded the case to this Court for proceedings consistent with

*Paroline*.  Crim. Doc. 109.   In due course, this Court amended its judgment to order restitution

of $368.20.  Crim. Doc. 129 at 1, 4.  Petitioner did not pursue an appeal of the amended

judgment.

In this section 2255 motion, Petitioner challenges the denial of his motion to suppress, the

sufficiency of the evidence, and the jury findings.  Doc. 1 at 7-9.  He also asserts claims of

prosecutorial misconduct, ineffective assistance of counsel, and abuse of discretion by the Court.

*Id.*  The government argues the section 2255 motion is procedurally barred except for the

ineffective assistance claims, which fail on the merits. [1]  Doc. 15.  Petitioner has filed a reply.

Doc. 16.

## II. ANALYSIS

After conviction and exhaustion or waiver of the right to direct appeal, the Court

presumes that a petitioner stands fairly and finally convicted.  *See United States v. Cervantes*,

132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d 228, 231-32 (5th

Cir. 1991) (*en banc*)).  Under section 2255, a petitioner can collaterally challenge his conviction

"only on issues of constitutional or jurisdictional magnitude."  *United States v. Willis*, 273 F.3d

592, 595 (5th Cir. 2001).

### A.  Procedural Bar – Claims 1-4, 6

In addition to his ineffective assistance of counsel challenges, Petitioner asserts the

---

[1] The Government also contends the section 2255 motion is barred by the one-year statute of
limitations.  However, in cases such as this, "in which a defendant's conviction is affirmed on
appeal but the case is remanded for resentencing [here, on the issue of restitution], the
defendant's conviction becomes final for limitations purposes under the AEDPA when ... both
the conviction and sentence become final by the conclusion of direct review or the expiration of
time for seeking such review."  *United States v. Messervey,* 269 F. App'x 379, 381 (5th Cir.
2008) (*per curiam*) (citing *Burton v. Stewart*, 549 U.S. 147, 156-157 (2007) (*per curiam*)); *see
also Scott v. Hubert,* 635 F.3d 659, 664-667 (5th Cir. 2011) (reaching the same conclusion in the
context of a habeas petition filed by a state prisoner under 28 U.S.C. § 2254).  Thus, contrary to
the Government's argument, the 2255 motion is timely.

following grounds for relief:

> Ground One: Absence of Probable Cause [and] Absence of Good-Faith Exception . . . (1) Movant exercised Free Speech, (2) The Complainant gave false police report, (3) The Search Warrant Affidavits were fraudulent, (4) The Magistrate abandons neutrality, (5) The search exceeded the scope of the Search Warrant, (6) There is no Interstate Commerce event nexus.
>
> Ground Two: Insufficiency of Evidence . . . (1) There is no Good-Faith Exception, (2) There is Dual Sovereignty prosecution, (3) There is Bad-Faith Destruction of Evidence, (4) There is no competent evidence at trial, (5) The Government uses perjured testimony in Gr. Jury and at trial, (6) The Government uses inadmissible expert testimony at trial.
>
> Ground Three: Prosecutorial Misconduct . . . (1) Prosecutor conspired with Police and Def. Counsel to Violate Law, (2) Prosecutor suborned perjury in Grand Jury and at trial, (3) Prosecutor could not prove claims, (4) Prosecutor misrepresented Fact and Law.
>
> Ground Four: Jury Nullification . . . (1) Jury was tainted by Prejudicial Voir Dire, (2) Jury could not find Movant guilty because there was No Competent Evidence, and (3) The evidence showed No Conduct by Movant.
>                                        . . .
> Ground Six: Abuse of Discretion . . . (1) District Court was Without Jurisdiction, (2) District Court Erred in Allowing Prejudicial Voir Dire, (3) District Court Erred in Amendment of Indictment, (4) District Court Erred in Evidentiary Rulings, (5) District Court Exhibited Actual Bias, (6) District Court Erred in Excessive Sentencing, and (7) District Court Erred in Diversion of Movant's Funds.

Doc. 1 at 7-9.

On direct appeal, Petitioner's appellate counsel challenged the denial of the motion to suppress, claiming that the warrant affidavit failed to establish probable cause and, thus, that the searches of Petitioner's computer, which resulted in the discovery of child pornography, were invalid. Crim. Doc. 104 at 1. The Court of Appeals rejected the claim. Crim. Doc. 104 at 2. Consequently, Petitioner's renewed attempt in the section 2255 motion to challenge the denial of his motion to suppress fails. It is well settled that grounds previously litigated and rejected on direct appeal, cannot be re-urged in a post-conviction motion under section 2255. *See United*

3

*States v. Rocha,* 109 F.3d 225, 229 (5th Cir. 1997) (citing *United States v. Kalish,* 780 F.2d 506, 508 (5th Cir.1986)); *see also United States v. Webster,* 421 F.3d 308, 310 n. 7 (5th Cir. 2005). "The appellate process does not permit reruns." *Moore v. United States,* 598 F.2d 439, 441 (5th Cir. 1979).

Moreover, any claim not previously raised on direct appeal is procedurally defaulted, absent a showing of cause and prejudice or that the petitioner is "actually innocent" of the crime for which he was convicted. *See United States v. Logan*, 135 F.3d 353, 355 (5th Cir. 1998) (*citing United States v. Frady*, 456 U.S. 152, 168 (1982)); *see also United States v. Alanis*, 88 Fed. App'x 15, 22 (5th Cir. 2004) (prosecutorial misconduct claim must first be raised on direct appeal); *United States v. Murray*, 41 F.3d 664, 1994 WL 684762 (5th Cir. 1994) (unpublished per curiam) (same as to sufficiency of the evidence claim).

Petitioner does not satisfy the cause-and-actual prejudice exception to excuse the failure to raise his claims on direct appeal. He asserts appellate counsel rendered ineffective assistance in failing to adequately challenge the denial of the motion suppress and in refusing to raise his current arguments on appeal. Doc. 10 at 25. However, "[t]he Constitution does not require appellate counsel to raise every nonfrivolous ground that might be pressed on appeal." *Ellis v. Lynaugh*, 873 F.2d 830, 840 (5th Cir. 1989) (citing *Jones v. Barnes*, 463 U.S. 745, 751-53 (1983)). Indeed, it is counsel's professional duty to choose among potential issues, according to his judgment as to their merit and his tactical approach to maximize the likelihood of success on appeal. *Jones*, 463 U.S. at 752. In order to prove ineffective assistance of appellate counsel, a petitioner must show that the decision not to raise an issue on appeal was objectively unreasonable. *United States v. Conley*, 349 F.3d 837, 841 (5th Cir. 2003). This reasonableness standard requires an attorney to present only "[s]olid, meritorious arguments based on directly

4

controlling precedent." *United States v. Williamson*, 183 F.3d 458, 462-463 (5th Cir. 1999).  A

reasonable attorney has an obligation to "research relevant facts and law, or make an informed

decision that certain avenues will not be fruitful." *Id.* at 462.

In this instance, Petitioner cannot demonstrate that the issues he desired counsel to

present on appeal were clearly stronger than the issues counsel did pursue on direct appeal –

namely that the search-warrant affidavit failed to establish probable cause, and that the trial court

abused its discretion in awarding $150,000 in restitution (the issue on which he prevailed).  *See*

*Smith v. Robbins*, 528 U.S. 259, 288 (2000) ("[g]enerally, only when ignored issues are clearly

stronger than those presented, will the presumption of effective assistance of counsel be

overcome") (cited case omitted).  In the section 2255 motion, Petitioner argues at length that the

Court's evidentiary and suppression rulings were wrong and that the evidence was insufficient to

support his conviction.  Doc. 10 at 10-11; Doc. 16 at 3-9.   Specifically, he blames appellate

counsel for focusing on restitution and ignoring the "errant GFE [good faith exception] ruling

and the bad faith destruction of evidence." Doc. 16 at 8.  Yet, even when liberally construed,

Petitioner's arguments fail to present a credible, non-frivolous issue for appeal that was stronger

than the issues counsel presented.

Likewise, Petitioner has not shown that he is actually innocent.   In *McQuiggin v.*

*Perkins*, ⸺ U.S. ⸺, 133 S. Ct. 1924, 1928 (2013), the Supreme Court restated that actual

innocence may provide "a gateway through which a petitioner may pass whether the impediment

is a procedural bar . . . or . . . expiration of the statute of limitations." *Id.* (citing *Schlup v. Delo*,

513 U.S. 298 (1995), and *House v. Bell*, 547 U.S. 518 (2006)).  However, the Court cautioned

that "tenable actual-innocence gateway pleas are rare." *Id.*  To meet the threshold requirement, a

petitioner must present new evidence in support of his claim and "'show that it is more likely

than not that no reasonable juror would have convicted him in the light of the new evidence.'"

*Id.* at 1928, 1935 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)); *see also* House, 547 U.S.

at 538 (emphasizing that the *Schlup* standard is "demanding" and seldom met).

Petitioner offers no new evidence, let alone credible evidence, that would undermine this

Court's confidence regarding the finding of guilt by the jury at trial.  Moreover, his filings offer a

mere conclusory challenge to his underlying conviction, reasserting (1) that he was "not in

knowing possession of contrband [sic]," namely child pornography, in violation of 18 U.S.C.

2252A(a)(5)(B), (2) that "the 'evidence' could not be seized," and (3) that it should not have

been presented to the jury.  Doc. 16 at 3-8.  Thus, even liberally construing his assertions,

Petitioner presents no convincing claim of actual innocence.  Accordingly, grounds 1-4 and 6 are

procedurally barred.

### B.  Ineffective Assistance of Counsel at Trial (Claim 5)

To establish ineffective assistance of counsel, a petitioner must show that counsel's

performance was deficient and that the deficient performance prejudiced the defense.  *Strickland*

*v. Washington*, 466 U.S. 668, 687-688 (1984).  Failure to establish either deficient performance

or prejudice defeats the claim.  *Id.* at 697.  To prove deficient performance, a petitioner must

show that counsel made errors so serious that he or she was not functioning as the counsel

guaranteed by the Sixth Amendment.  *Id.* at 687.  The proper measure of attorney performance is

reasonableness under prevailing professional norms.  *Id.* at 688.  "Judicial scrutiny of counsel's

performance must be highly deferential."  *Id.* at 689.  There is a strong presumption that

counsel's conduct falls within the wide range of reasonable professional assistance.  *Id.*  To

prove prejudice, "[t]he defendant must show that there is a reasonable probability that, but for

counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at

694.

> Petitioner asserts his trial counsel rendered ineffective assistance when:
>
> (1) Counsel deceived Movant for Pecuniary Gain, (2) Counsel Failed to Inform Movant of Rights, (3) Counsel failed to investigate case, (4) Counsel failed to properly move for dismissal, (5) Counsel failed to properly move for suppression, (6) Counsel conspired with prosecutor and law enforcement to Violate Law, (7) Counsel knowingly conceded prejudicial evidence, (8) Counsel knowingly presented deficient arguments, (9) Counsel abandoned Movant at critical stages, (10) Counsel failed to call Expert Witness.

Doc. 1 at 9; *see also* Doc. 10 at 21-25.

However, as the Government correctly notes, Petitioner's ineffective assistance of counsel claims are conclusory and vague, and, thus, should be summarily dismissed. Petitioner's bare assertions of counsel's ineffectiveness lack independent and reliable factual support and, thus, are insufficient to plead a Sixth Amendment claim. *See United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) (declining to consider vague ineffective assistance of counsel claim). Petitioner challenges generally counsel's involvement with the proceeds from the sale of Petitioner's house, counsel's failure to object to the alleged sham indictment and prosecution, counsel's participation in plea negotiations, and counsel's purported failure to object at trial. Doc. 10 at 21-25. However, without specific descriptions of counsel's actions or inactions, Petitioner fails to raise any issue of constitutional import. Indeed, "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue." *Pineda*, 988 F.2d at 23 (quotations and quoted case omitted); *see also Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . to be of probative evidentiary value.").

And while Petitioner may have desired a different defense, counsel's performance did not render his assistance constitutionally ineffective. Simply put, Petitioner has not demonstrated

7

that counsel made errors so serious that he was not functioning as the counsel guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. On the other hand, a review of the record reveals that Counsel's representation at trial was reasonable when measured against prevailing professional norms. *Id.* at 688 (counsel's assistance is deficient when it falls "below an objective standard of reasonableness"). Moreover, even assuming counsel's trial performance was deficient, Petitioner has wholly failed to demonstrate prejudice – namely that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. N

In sum, Petitioner's pleadings provide no detail from which the Court can glean that any of his ineffective assistance claims were non-frivolous and that they would have affected the outcome of his case. Doc. 10 at 21-25. Thus, Petitioner has failed in his burden to establish that trial counsel's performance was deficient or that it prejudiced him. Accordingly, his ineffective assistance of counsel claims fail.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the section 2255 motion be **DENIED**.

**SIGNED** February 14, 2017.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).


_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE