IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TOMMY DALE DANIEL, #18826-298,<br>Petitioner, | § § § | |
| v. | § § | 3:15-CV-3413-O-BK<br>(3:07-CR-0142-O-1) |
| UNITED STATES OF AMERICA,<br>Respondent. | § § § | |

**ORDER ACCEPTING FINDINGS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The United States Magistrate Judge made Findings, Conclusions, and a Recommendation in this case. Respondent and Petitioner filed objections, and the District Court has made a *de novo* review of those portions of the proposed findings and recommendation to which objection was made. For the reasons set out below, the objections are overruled, and the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge.

I.

The Government objects to footnote 1 of the Magistrate Judge's recommendation, which concluded that the section 2255 motion was timely filed for purposes of the one-year statute of limitations period. Otherwise, the Government agrees that the section 2255 motion should be denied.

In cases such as this, "in which a defendant's conviction is affirmed on appeal but the case is remanded for resentencing [here restitution], the defendant's conviction becomes final for limitations purposes under the AEDPA when ... both the conviction and sentence become final by the conclusion of direct review or the expiration of time for seeking such review." *United States v. Messervey,* 269 F. App'x 379, 381 (5th Cir. 2008) (per curiam) (citing *Burton v.*

1

*Stewart*, 549 U.S. 147, 156-157 (2007) (per curiam) (where state appellate court remands for resentencing, the limitations period does not begin until both the conviction and resentencing claims are final on direct review)); *see also Scott v. Hubert,* 635 F.3d 659, 664-667 (5th Cir. 2011) (holding the same in the context of a state habeas petition sunder 28 U.S.C. § 2254).

This Court reached the same conclusion in a § 2255 case where the defendant's sentence and restitution had been vacated in part and the case remanded for resentencing. *See Bazemore v. United States*, 3:15-CV-03574-O, 2015 WL 9948109, at *1 (N.D. Tex. Nov. 6, 2015), *recommendation adopted*, 2016 WL 368004 (N.D. Tex. Jan. 29, 2016) (dismissing § 2255 motion without prejudice pending completion of direct appeal and noting that the conviction was not final for statute of limitations purposes until both the conviction and sentence were final). Moreover, at least two circuits have held that the one-year limitations period for filing a § 2255 motion begins to run when the district court's revised restitution order on remand becomes final. *See Gonzalez v. United States*, 792 F.3d 232, 235-36 (2nd Cir. 2015); *United States v. Lafromboise,* 427 F.3d 680, 683-84 (9th Cir. 2005) (when the court of appeals either partially or wholly reverses a defendant's conviction or sentence, or both, and expressly remands to the district court, the judgment does not become "final," and the one-year limitations period for filing a § 2255 motion does not begin to run, until the district court has entered an amended judgment and the time for appealing that judgment has passed); *see also United States v. Colvin,* 204 F.3d 1221, 1224-26 (9th Cir. 2000) (explaining the legal and policy rationale for adopting a clear rule of finality when the court of appeals either partially or wholly reverses a defendant's conviction or sentence, or both, and expressly remands the case to the district court).

The Government relies on *United States v. Olvera*, 775 F.3d 726, 728 (5th Cir. 2015), where a motion to reduce under Rule 35(b) ultimately resulted in the entry of an amended

judgment reducing the sentence. There, the United States Court of Appeals for the Fifth Circuit held that the one-year limitations period did not renew and, "because the sentence reduction ha[d] no impact on the finality of Olvera's conviction, his [section 2255] motion was untimely under § 2255(f)(1)." *Id.* In seeking to extend *Olvera*, the Government claims that the litigation over restitution had no impact on the finality of Petitioner's conviction or sentence just like the motion to reduce sentence in *Olvera*. Doc. 21 at 6. However, *Olvera* is distinguishable in that it dealt with whether a post-judgment motion can revive an already expired one-year limitations period, and not when a partial remand for sentencing purposes becomes final. The Government also asserts that the Petitioner could have challenged his conviction contemporaneously with the petition for writ of certiorari, but failed to do so. *Id.* Doc. 21 at 6-7. That argument is inapposite. Again the real issue is when Petitioner's conviction became final for purposes of § 2255 relief. Under *Messervey* and *Burton*, *supra*, the Court concludes that finality is determined when *both* the conviction and the sentence become final. The Court, thus, overrules the Government's objection and finds that the section 2255 motion was timely filed.

## II.

Petitioner objects to the Magistrate Judge's recommendation insofar as it recommends that his § 2255 motion should be denied.

He claims he is actually innocent and argues at length that the evidence on which the Government relied at trial proves his innocence. Doc. 24 at 4-7. However, as the Magistrate Judge correctly found Petitioner has failed to present any *new evidence* that would undermine this Court's confidence regarding the finding of guilt by the jury at trial. *See McQuiggin v. Perkins*, ___ U.S. ___, 133 S. Ct. 1924, 1928, 1935 (2013) (to establish actual innocence, a petitioner must present new evidence in support of his claim and "'show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'").

3

Likewise, even when liberally construed, Petitioner's arguments challenging his underlying conviction fail to offer a convincing claim of actual innocence. Indeed, as the Supreme Court has noted "tenable actual-innocence gateway pleas are rare." *Id.* at 1942.

Petitioner has also failed to show ineffective assistance of counsel on appeal. Doc. 24 at 10-11. Again his arguments, even when liberally construed, do not present a credible, non-frivolous issue for appeal that was stronger than the issues his counsel presented. Consequently, the Court finds that grounds 1-4 and 6, including the prosecutorial allegations raised in Petitioner's objections, are procedurally barred.

Next, Petitioner takes issue with the denial of his claims of ineffective assistance of counsel at trial. The Magistrate Judge concluded the claims were vague and conclusory. In his objections, Petitioner seeks to expand his assertions, presenting new, general allegations in support of his ineffectiveness claims. Doc. 24 at 10. However, even assuming Petitioner could establish deficient performance, he has clearly failed to meet the heavy burden of showing prejudice – namely that counsel's deficient performance would have affected the outcome of his case. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984) (to prove prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.").

Lastly, Petitioner adds a new claim in support of ground 6 – abuse of discretion – initially raised in the § 2255 motion. Specifically, he argues the undersigned should have recused before trial to maintain an appearance of impartiality and to avoid a "sham trial." Doc. 24 at 11-13. However, as previously noted, ground 6 is procedurally barred and Petitioner has failed to show cause and prejudice or a fundamental miscarriage of justice.

## III.

The Court has made a *de novo* review of those portions of the proposed findings and recommendation to which objection was made. The objections are overruled and the Findings, Conclusions, and Recommendation of the United States Magistrate Judge are accepted. Accordingly, the motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is **DENIED**.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing Sections 2254 and 2255 Proceedings in the United States District Court, and 28 U.S.C. § 2253(c), the Court also **DENIES** a certificate of appealability. The Court adopts and incorporates by reference the Magistrate Judge's Findings, Conclusions and Recommendation as well as the reasons set out in in this order in support of its finding that the petitioner has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).[1]

---

[1] Rule 11 of the Rules Governing §§ 2254 and 2255 Proceedings reads as follows:

> **(a) Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

If petitioner files a notice of appeal, he must pay the $505.00 appellate filing fee or submit a motion to proceed *in forma pauperis*.

SO ORDERED this 1st day of September, 2017.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE

---

(**b**) **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.